(No. 3399—

A. R. HERMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1939.*

Jos. B. SCHLARMAN, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant alleges that on the 30th day of March, A. D. 1939 he was driving his Chevrolet Truck on S. B. I. Route No. 12 near French Village, in St. Clair County, Illinois; that unnamed employees of the State of Illinois who were then and there in the possession and control of a certain motor truck numbered T 1606, operated by the Department of Public Works and Buildings, Division of Highways of the State, negligently and carelessly backed the same into claimant's automobile, and that as a direct and proximate result claimant's car was damaged in the sum of Three Hundred ($300.00) Dollars.

The Attorney General has filed a motion to dismiss the claim for the reason that no award could legally be warranted upon the facts therein stated.

Traffic upon the highways involves such hazards, that every right should be preserved for those who are injured through the negligence of others and without contributory negligence upon their own part while traveling upon the highways. The State however cannot guarantee the safety of the traveling public, nor under existing statute can the Court of Claims legally support an award against the State, where the damages are the result of the negligence of the State employee who at the time is engaged in the performance of his duties. The rule of *Respondeat Superior* does not apply to the State. The latter in the construction and maintenance of its highway system is engaged in a governmental function, and in the absence of a statute expressly so providing it is not liable for damages to property occasioned by the negligent and wrongful operation of motor vehicles in the hands of employees of the Division of Highways. (*Boner, etc.* vs. *State,* 9 C. C. R. 55. *Morgan* vs. *State,* 9 C. C. R. 109.)

The court is reluctant to dismiss a claim of this character on motion but it would be of no benefit to claimant in view of the basis of the claim, to take the desired evidence. It is possible that the driver of the State truck should be held responsible but such redress is a matter for the claimant to seek through other courts or through the Department wherein such employee is employed. The motion is allowed and the claim dismissed.